E-FILED
Wednesday, 06 September, 2017  08:57:20 PM
Clerk, U.S. District Court, ILCD

Mathew K. Higbee, Esq., SBN 6319929
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8352
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com

Attorney for Plaintiff,
ADLIFE MARKETING
& COMMUNICATIONS CO., INC.,

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>FAREWAY STORES, INC.,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Adlife Marketing & Communications Co., Inc., for his Complaint against Fareway Stores, Inc., Defendant, alleges as follows:

## INTRODUCTION

1.     Adlife Marketing & Communications Co., Inc. (hereinafter "Plaintiff"), by counsel, brings this action to challenge the actions of Fareway Stores, Inc. (hereinafter "Defendant"), with regard to the unlawful and

unauthorized use of copyrighted images (hereinafter "Images") owned by Plaintiff, and this conduct caused Plaintiff damages. This Court has subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

2.     For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

3.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, whereby the Defendant violated Plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. §§ 106 and 106A.

4.     This Court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the State of Illinois. Additionally, Defendant has personally availed itself to the services and protection of the State of Illinois by having two (2) of its stores in the state: Store #059 at 540 Pritchard Drive, Geneseo, IL 61254; and #988 at 3705 25th Street, Moline, IL 61265. Through these two stores, Defendant purposely availed itself and enjoys the benefits of the laws of the State of Illinois and it is foreseeable that the Defendant can expect to be hauled into the State's court. Furthermore, the

exercise of this jurisdiction over the Defendant is reasonable as Defendant's activity is directly related to the suit; Defendant is not overly burdened as Plaintiff believes and is informed Defendant has representatives in the State as it has two store locations in the jurisdiction; and it is in the State's interest in settling the dispute as the State benefits from the Defendant's activity in the jurisdiction.

5.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant has minimum contacts in this judicial district and a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant has minimum contacts, committed the acts of infringement, and has a regular and established place of business in this judicial district.

## PARTIES

6.     Plaintiff is a Corporation residing in the City of Pawtucket, in the State of Rhode Island.

7.     Plaintiff is a "copyright owner" that holds "exclusive rights" to its "copyrighted work[s]" pursuant to 17 U.S.C. §§ 101, 106, 106A.

8.     Plaintiff is informed and believes, and thereon alleges, that Defendant is incorporated in the City of Boone, in the State of Iowa, and its principal place of business is in the City of Boone, in the State of Iowa.

//

9.     Plaintiff is informed and believes that Defendant conducts business in the Cities of Adel, Algona, Altoona, Ames, Anamosa, Ankeny, Atlantic, Belmond, Bettendorf, Boone, Burlington, Carlisle, Carroll, Cedar Falls, Cedar Rapids, Centerville, Charles City, Cherokee, Clarinda, Clear Lake, Clinton, Clive, Council Bluffs, Cresco, Creston, Davenport, Decorah, Denison, Des Moines, Dubuque, Dyersville, Eagle Grove, Eldora, Emmetsburg, Estherville, Evansdale, Fort Dodge, Fort Madison, Greenfield, Grimes, Grinnell, Hampton, Harlan, Hiawatha, Humboldt, Huxley, Independence, Indianola, Iowa City, Iowa Falls, Jefferson, Johnston, Knoxville, Le Mars, Manchester, Maquoketa, Marion, Marshalltown, Mason City, Moline, Monticello, Muscatine, Nevada, New Hampton, Newton, North Liberty, Norwalk, Oelwein, Orange City, Osceola, Oskaloosa, Ottumwa, Pella, Peosta, Perry, Pleasant Hill, Polk City, Red oak, Sergeant Bluff, Sheldon, Shenandoah, Sioux Center, Sioux City, Spencer, Spirit Lake, Storm Lake, Toledo, Urbandale, Vinton, Washington, Waterloo, Waukee, Waukon, Waverly, Webster City, West Des Moines, and Winterset in the state of Iowa; the City of Fairmont, Faribault, Owatonna, Rochester, Stewartville and Worthington in the State of Minnesota; the City of Geneseo and Moline in the State of Illinois; the City of Nebraska, Omaha and Papillion in the State of Nebraska; the City of Sioux Falls in the State of South Dakota.

//

10.    Plaintiff is informed and believes, and thereon alleges, that Defendant is a Corporation who unlawfully reproduced and published Plaintiff's copyrighted works without Plaintiff's express or implied authority, by the method of a license.

## FACTUAL ALLEGATIONS

11.    At all times relevant, Plaintiff was corporation residing within the State of Rhode Island.

12.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant was a business entity incorporated in the State of Iowa and having necessary minimum contacts in the State of Illinois and in this judicial district.

13.    Plaintiff is a corporation operated by advertising and marketing professionals. Plaintiff is regularly contracted to provide advertising and marketing services to its clients. Plaintiff's photography team works on a wide variety of projects spanning food styling, product features, studio shoots and one-site sessions of various subjects. Plaintiff licenses photography to people and companies seeking to make use of the photographs for editorials, advertisements and pecuniary gain. Plaintiff's livelihood is dependent on receiving compensation for the photographs it produces and licenses.

//

14.    Plaintiff is informed and believes that thirty nine (39) of its images have been used by Defendant without Plaintiff's permission, but believes that further instances of infringement of Plaintiff's images may be found.

15.    Plaintiff took the Original Images. *See* Original Images, attached hereto as "Exhibit A."

16.    Plaintiff has ownership and copyright of the Images.

17.    Plaintiff has registered the Images with the United States Copyright Office under Registration Numbers VA0002025765, VA0002046821, VA0002020887, VA0002045003, VA0002025939, VA0002009665, VA0002025647, VA0002047004, VA0002040911, VA0002027172, VA0002047015, VA0002046789, VA0002055104, VA0002055113, VA0002020735, VA0002033004, VA0002045015, VA0002046799, VA0002012581, VA0002045012, VA0002055118, VA0002045016, VA0002055111, VA0002047019, VA0002009665, and VA0002025247.

18.    A group of images, for which Plaintiff claims ownership and is informed and believes that Defendant used without Plaintiff's permission, have not been issued Copyright Registration Certificate and Registration Number yet. In regards to said images, however, Plaintiff has submitted Applications with United States Copyright Office under Application Numbers 1-4332815742 and 1-4691859495 to obtain Copyright Registration Certificate and Number.

6

19.    Plaintiff has provided multiple notices to Defendant that the Images are subject to copyright and to cease use of the Images.

20.    Plaintiff did not consent or authorize, permit, allow in any manner the use of the Images by Defendant.

21.    Plaintiff is informed and believes that Defendant used Plaintiff's copyrighted works without his permission and that it published, communicated, benefited through, posted, publicized and otherwise held out to the public for commercial benefit, the original and unique work of Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

22.    Plaintiff is informed and believes that Defendant used the Images within its printed weekly circulars, which were also featured on its business website, for at least six (6) weeks, starting with March 17, 2017 and ending April 21, 2017. *See* Screenshots of Defendant's Use of Plaintiff's Images, attached hereto as "Exhibit B."

23.    Defendant used the Images to promote the Defendant's business.

24.    Defendant's continued use of Plaintiff's Images, and ignoring Plaintiff's request to cease unauthorized use, constitutes willful infringement.

25.    Plaintiff did not consent to the use of its Images for commercial gain.

//

//

## **FIRST CAUSE OF ACTION**

## **COPYRIGHT INFRINGEMENT**

### **Title 17 of the United States Code**

26.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.    Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original materials and/or work.

28.    Plaintiff is informed and believes and thereon alleges that Defendant infringed upon Plaintiff's copyrighted works in violation of Title 17 of the U.S. Code, in that it reproduced, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique work of the Plaintiff's consent or authority and acquired monetary gain and market benefit as a result.

29.    Defendant's  willful,  intentional,  and  malicious  copyright infringement has cause and will continue to cause, Plaintiff to suffer substantial injuries, losses, and damage to Plaintiff's proprietary and exclusive rights.

30.    As a result of each and every Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

31.     As a result of the Defendant's violations of Title 17 of the U.S. code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

32.     Defendant's copyright infringement and the threat of continuing infringement by Defendant has caused and will continue to cause Plaintiff to suffer repeated and irreparable injury; thus, Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

//

//

//

//

//

//

//

//

//

//

//

//

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant

- Awarding Plaintiff actual damages pursuant to 17 U.S.C. §504 (b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

- Awarding Plaintiff costs of litigation and reasonable attorney's fees, pursuant to 17 U.S.C. § 505;

- Enjoining the Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- Awarding any other relief the Court deems just and proper.

Dated: September 6, 2017                    Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.,
SBN 6319929
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiffs*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Adlife Marketing & Communications Co., Inc., hereby demands a trial by jury in the above matter.


Dated: September 6, 2017                    Respectfully submitted,


                                           **<u>/s/ Mathew K. Higbee</u>**
                                           Mathew K. Higbee, Esq.,
                                           SBN 6319929
                                           HIGBEE & ASSOCIATES
                                           1504 Brookhollow Dr., Ste 112
                                           Santa Ana, CA 92705-5418
                                           (714) 617-8350
                                           (714) 597-6729 facsimile
                                           *Counsel for Plaintiffs*