# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ADLIFE MARKETING & COMMUNICATIONS CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 17-cv-04254-SLD-JEH |
| | ) | |
| FAREWAY STORES, INC. | ) | Hon. Sara Darrow, |
| | ) | |
| | ) | Magistrate: Jonathon E. Hawley |
| Defendant. | ) | |

**MOTION FOR LEAVE TO FILE SUPPLEMENT DECLARATION OF ROBET M. COLLINS IN SUPPORT OF MOTION TO COMPEL IN ADVANCE OF OCTOBER 29, 2019 HEARING BEFORE MAGISTRATE JUDGE HAWLEY**

Defendant, FAREWAY STORES, INC., ("Fareway"), by its attorneys, Lewis Brisbois Bisgaard & Smith, LLP, respectfully moves this Court for Leave to File the Supplemental Declaration of Robert M. Collins ("Supp. Collins Decl.") in support of Fareway's Motion to Compel and to Modify the Scheduling Order ("Motion to Compel"). The Supp. Collins Decl. and Exhibits "H" – "M" is lodged herewith as Exhibit "1".

Defendant Fareway respectfully requests that the Supp. Collins Decl. be added to the record under consideration by the Court in advance of the October 29, 2019, hearing on Defendant Fareway's Motion to Compel. Defendant Fareway previously advised the Court when it filed its Motion to Compel on September 16, 2019, that it was unable to procure copies of the Depositions of Plaintiff Adlife, Chief Financial Officer Douglas Fleurant and President Joel in time to include

relevant excerpts with the filing. (*See* Motion to Compel (ECF 38), P. 5, fn 1). As such, Fareway now respectfully requests leave to file excerpt of those depositions, along with additional evidence that was not available to Fareway at the time of filing its Motion to Compel on September 16, 2019.

Fareway submits that good cause exists to permit the filing of the lodged Supp. Collins Decl., because the evidence attached thereto did not exist when it filed its Motion to Compel. The lone exception is the July 19, 2019, Response of Plaintiff Adlife Marketing & Communications Co., Inc. ("Adlife") to Fareway's Interrogatories Nos. 1-8 which was inadvertently omitted from Fareway's evidence submitted to the Court on September 16, 2019, and should have been included as an attachment to the email correspondence in Exhibit "D" to the September 16, 2019 Declaration of Robert M. Collins. (*See* Collins Decl. (ECF 39).

Fareway has recently gathered information from a former Adlife Executive, Sharon Ferretti regarding multiple false representations made by Adlife to the United States Copyright Office and to Fareway regarding the authorship, creation and publication dates of the images at issue in this litigation. (*See* Declaration of Sharon Ferretti attached as Ex. "M" to the Supp. Collins Decl.). Importantly, Adlife did not identify Sharon Ferretti as a witness with knowledge of Adlife's alleged ownership of the alleged copyrighted images at issue in this litigation, and its application for registration of those images, until the September 10 and 11

depositions of Adlife, Adlife President Joel Albrizio and Chief Financial Officer Douglas Fleurant.  Furthermore, Adlife withheld Sharon Ferretti's name from its interrogatory responses until September 20, 2019, when Ms. Ferretti should have been identified in response to Fareway's Interrogatories no later than July 5, 2019. Once Fareway made contact with Sharon Ferretti, she provided the declaration attached to the Supp. Collins Decl. as Exhibit "M", indicating that Adlife has made multiple misrepresentations to the United States Copyright Office and to Fareway regarding the authorship, creation and publication of the food images at issue.  Ms. Ferretti has further indicated that there are emails on the Adlife server showing that Adlife President Joel Albrizio instructed Adlife employees to make false representations to the United States Copyright Office when seeking copyright registration of Adlife's food photographs.  (*See* Declaration of Sharon Ferretti, ¶¶8-9 attached as Exhibit "M" to the Supp. Collins Decl.).

In addition, the deposition of Adlife Chief Financial Officer, Douglas Fleurant, and Adlife's Amended Interrogatory responses demonstrate that Adlife did not timely identify other material witnesses in this matter which greatly prejudices Fareway's ability to defend the claims brought by Adlife.  At deposition, Mr. Fleurant identified Jennifer Albrizio, Jordan Albrizio, Joi Lewis and Anthony Albrizio as "researchers" involved in the gathering of the alleged

infringing images from the internet that are the subject of this lawsuit. None of these individuals were timely identified by Adlife.

Fareway lodges the Supp. Collins Decl. and the attached evidentiary materials marked Exhibits "H" – "M" with this Motion for Leave and respectfully requests that the Court permit the Supp. Collins Decl. and attached evidence to be filed so that they may be part of the record for the Court's consideration at the October 29, 2019, hearing on Fareway's Motion to Compel. Fareway submits that this evidence provides further support for the relief sought by Fareway through its Motion to Compel, including compelled further responses to interrogatories, and substantial good cause under Federal Rule of Civil Procedure Rule 16(b)4, for a modification of the Scheduling Order in this matter to continue pre-trial dates and permit Fareway to take additional discovery.

1. On July 19, 2019, Plaintiff Adlife served responses to Interrogatories propounded by Fareway. Per agreement of the parties, these Interrogatory Responses should have been served by Adlife on July 5, 2019. (*See* Supp. Collins Decl., ¶1; *see also* Adlife's July 19, 2019, Interrogatory responses attached as Exhibit "H" to the Supp. Collins Decl. lodged herewith.). Fareway inadvertently omitted these responses from its September 16, 2019, Motion to Compel which should have been included as an attachment to Exhibit "D" to the Collins Decl. (ECF 39). (*Id.*).

2. On September 10, 2019, Fareway took the Fed. Rule Civ. Pro. Rule 30(b)6 deposition of Plaintiff Adlife and the deposition of Joel Albrizio, Adlife's President. The September 10, 2019, deposition of Mr. Albrizio and Adlife was taken simultaneously per stipulation of the parties and thus Mr. Albrizio testified in his individual capacity and as the Rule 30(b)6 representative of Adlife. On October 11, 2019, Fareway received a copy of the transcript of Joel Albrizio and Adlife from the Court Reporter. (Supp. Collins Decl., ¶2)

3. At deposition, Mr. Albrizio identified himself and David Ciolfi as the only photographers of all of the 25,000 food photographs now in Adlife's photograph database. (*See* Deposition Transcript of Joel Albrizio P. 271, L. 5-17 attached as Exhibit "I" to the Supp. Collins Decl.). Mr. Albrizio also indicated at deposition that the copyright registrations at issue in this case properly identify the photographer of the images. (Supp. Collins Decl., ¶3; *see also* Deposition Transcript of Joel Albrizio at P. 80, L. 17 – P. 82, L. 15 attached as Exhibit "I" to the Supp. Collins Decl.).

4. Of the approximately 60 copyright registrations placed at issue in this litigation, approximately 52 of the registrations identify Joel Albrizio as the photographer of those images covered by the registration. (Supp. Collins Decl., ¶4).

5.     On September 11, 2019, Defendant Fareway took the deposition of Adlife's Chief Financial Officer, Douglas Fleurant.  Defendant Fareway received a copy of the deposition of Douglas Fleurant from the Court Reporter on October 2, 2019.  (Supp. Collins Decl., ¶5).

6.     At deposition Mr. Fleurant was examined on one of the Adlife Copyright Registrations at issue where he had certified the contents of the application.  (Supp. Collins Decl., ¶6; *see also* Deposition Transcript of Douglas Fleurant, P. 125, L. 14 – P. 131, L. 17 attached as Exhibit "J" to the Supp. Collins Decl.).  This document was marked as Exhibit "13" during the deposition of Joel Albrizio.  (Supp. Collins Decl., ¶6).  Mr. Fleurant testified that the information contained on Adlife's Copyight Registration marked as Exhibit 13 and all of Adlife's copyright registrations, including date of creation, publication and author was provided to him by Adlife employees Jeremy Howard and Sharon Ferretti.  (*See id.; see also* Deposition Transcript of Douglas Fleurant attached as Exhibit "J" to the Supp. Collins Decl.; *see also* Copyright Registration Certificate marked as Exhibit 13 at the Albrizio Deposition attached as .  Exhibit "K" to the Supp. Collins Decl.).

7.     Mr. Fleurant further testified that Jennifer Albrizio and Jordan Albrizio were "researchers" involved in the gathering of the alleged infringing images from the internet that are the subject of this lawsuit.  (*See* Supp. Collins

Decl., ¶7; *see also* Fleurant Depo., P. 97, L. 20-P. 98, L. 25 attached as Exhibit "J" to the Collins Decl.). Mr. Fleurant also identified Joi Lewis and Anthony Albrizio as Adlife "researchers" possibly involved in gathering the alleged images that are the subject of this lawsuit. (*See id.*). Importantly, none of these individuals were identified in response to Fareway's interrogatories until Adlife amended its responses on September 20, 2019, one business day before the discovery cut-off.

8. On September 16, 2019, Defendant Fareway filed a Motion to Compel and to Modify the Scheduling Order in this matter wherein Fareway sought a compelled further response by Plaintiff Adlife Marketing & Communications Co., Inc. ("Adlife") to Plaintiff's Interrogatories Nos. 1-5 and 7-8, and a modification of the Scheduling Order to permit Fareway to take additional discovery. (*See* Motion (ECF 38)). A hearing on Defendant Fareway's Motion to Compel is scheduled for Tuesday October 29, 2019 at 2:00 PM in Courtroom B before Magistrate Judge Hawley.

9. On September 20, 2019, Plaintiff Adlife provided an amended response to Fareway's Interrogatories Nos. 1-8. Adlife's response to Interrogatory No. 1 was amended to identify Joel Albrizio and David Ciolfi as individuals who Adlife claims "oversaw" the creation of the images at issue in this lawsuit. Adlife's response to Interrogatory No. 3 was amended to identify Sharon Ferretti as an individual with knowledge of Adlife's copyright registration of the images at

issue in the case. Adlife's response to Interrogatory No. 5 was also amended to identify Sharon Ferretti as an individual with knowledge of Adlife's ownership of the images at issue. Adlife's responses to Interrogatories Nos. 7 and 8 were amended to identify Jarrod Ermin, Jordan Albrizio, Jennifer Albrizio and Rebecca Jones as individuals involved in the alleged investigation of the claims at issue in this case. (*See* Supp. Collins Decl., ¶8; *see also* Adlife's Amended Responses to Interrogatories propounded by Defendant Fareway are attached as Exhibit "L" to the Supp. Collins Decl.).

10.     After she was identified at the September 10 and 11, 2019, depositions of Adlife, Joel Albrizio and Douglas Fleurant, and in Adlife's September 20, 2019, Amended Responses to Interrogatories Nos. 3 and 5 as a person with knowledge of Adlife's registration and ownership of the works at issue, Defendant Fareway searched for, located and interviewed Sharon Ferretti regarding her knowledge of Adlife based on her 24 years with the company. Adlife indicated in its amended responses to interrogatories that Sharon Ferretti's current address information was "unknown". (Supp. Collins Decl., ¶9; *see also* Adlife's Amended Responses to Interrogatories Nos. 3 and 5 propounded by Defendant Fareway are attached as Exhibit "L" to the Supp. Collins Decl.).

11.     On October 15, 2019, Ms. Ferretti executed a declaration. In her declaration, Ms. Ferretti confirmed that Joel Albrizio is not the photographer of

any of the images in this litigation and that he played no role in the creation of the images at issue in this case. Ms. Ferretti further indicates that Adlife has advanced copyright infringement claims in this case for at least one image it knows it does not own. She also indicates that Joel Albrizio instructed employees to make false representations to the United States Copyright Office when applying to register the the images. Per Ms. Ferretti, as of February 2019 when she left Adlife, there were a number of emails on the Adlife server concerning registration of Adlife's works and Mr. Albrizio's instruction to employees to make misrepresentations to the Copyright Office. (Supp. Collins Decl.; ¶10; *see also* October 15, 2019 Declaration of Sharon Ferretti attached as Exhibit "M" to the Supp. Collins Decl.).

12. Plaintiff Adlife and its counsel were provided a copy of Ms. Ferretti's declaration before Fareway brought this motion for leave. (Supp. Collins Decl., ¶11).

The evidence submitted with the Supp. Collins Decl. further demonstrates that Adlife has engaged in discovery abuse in this matter by withholding evidence. Key witnesses were withheld that possess information regarding Adlife making misrepresentations to the United States Copyright Office, to this and potentially other Courts and to Defendant Fareway. In addition the identities of key witnesses with information about Adlife's alleged investigation of its claims in this matter were also withheld. Fareway submits that, at minimum, this additional evidence

provides still further grounds for a compelled response from Adlife to Fareway's Interrogatories, Set One and for a modification of the Court's Scheduling Order to continue dates and permit Fareway to take additional discovery.

Based on the foregoing, Defendant Fareway respectfully requests that the Court permit the Supp. Collins Decl. and attached evidentiary materials marked Exhibits "H" – "M" lodged herewith, to be filed and to be part of the record to be considered by the Court at the October 29, 2019 hearing on Fareway's Motion to Compel.

Respectfully submitted,

By: /s/ Robert M. Collins
Attorneys for Defendant

Siobhan M. Murphy, ARDC No. 6207431
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Telephone: 312.345.1718
Facsimile: 312.345.1778

Daniel C. DeCarlo, ARDC No. 160307
Robert M. Collins, ARDC No. 254915
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900